Good morning. May it please the Court. My name is Ron Gold, sir. I am a first-time appearance here this morning. I appreciate the privilege. This is a beautiful courthouse. This is a bankruptcy case arising out of a claim for violation of the automatic stay and the discharge injunction. I represent the debtor, Mr. Metcalf. He sought damages for the violation of the stay and the discharge injunction. Included in those damages, of course, is the settlement agreement. I have a question for Mr. Metcalf. What is your entitlement? The amount, or why are we entitled? Can you understand there's a difference between entitlement and amount? Yes, yes, of course. What's the entitlement? The entitlement is based on the settlement agreement, we believe. If the settlement agreement is The settlement agreement simply said you could apply for them if you wanted. Isn't that what it says? The language says may petition. The procedural posture of the case, which I was Is there anything in the agreement about entitlement? There is no such language specifically as such. Based on the agreement, what's it based on? If it's not based on the agreement, then it's based on the right to petition as a matter and element of damages for violation of the automatic stay and the discharge injunction. What's your burden there? The burden there is to prove the underlying case as if we had gone to trial on the case originally. And the question that is for me and that I'm presenting to you is why on earth would we have agreed to a settlement where all we had was the right to go to trial on the original case when we settled? Well, that's a good question. Why, if you had the absolute right to attorney's fees, wouldn't you write that into the agreement? In other words, that you have a right to attorney's fees, the amount of which will be subject to reasonableness by the court. Right. I mean, so your first question really begs the real question. Indeed. And the language is, if I had to write it differently, I would certainly write it differently than what appears. But what I thought we were doing was writing entitlement language as opposed to anything else. But let's suppose I'm wrong. Language says that they can oppose the application. Should we take that to be a given as well? Oh, of course. And the question is what is it they oppose, the amount or the entitlement? We have both those questions before. But the provision doesn't say any basis, doesn't provide any basis. Right. So I look at that language, and I just don't see where there you're going to find a basis for awarding fees separate and apart from what law will give you otherwise. Well, and, Your Honor, we believed, of course, that we had an entitlement provision. But obviously, it didn't come out that way. And so the second prong of my argument is that if all I'm entitled to is a petition, then what I'm entitled to as part of that petition is a trial of the underlying case. The procedural posture of the case in the district court was such that we had brought a motion for summary judgment on the contempt on the violation of the automatic stay. The district court judge denied the summary judgment motion, finding that there were material facts at issue, made a reference of the case at that point in time to the bankruptcy court, because the bankruptcy court was better acquainted with its own orders and the procedural matters that was before it. When we settled the case, we withdrew the reference. So I suggest that the surrounding circumstances of the settlement agreement argue in favor of a finding that it was an entitlement provision as opposed to simply the right to petition. But when we came back to the district court and we made our petition for attorney's fees, the district court then did a complete about-face from what it had done on the summary judgment motion and made findings about the violation of the automatic stay and findings about the discharge injunction and whether or not a defendant was in contempt, when previously the district court found that there were material facts at issue. Is there a difference between a violation and a willful violation? A violation of the automatic stay — Whether yes or no. The — a violation of the automatic stay requires a finding of willful violation. The definition of willful means intentional. But intentional, as this Court has previously found, doesn't mean that you have to have a specific intent to do harm. Just — it's akin to the first-year torts concepts of assault and battery, where you intend to do the act versus intending to do the harm. Were you able to lay out by way of affidavit or otherwise the facts necessary to establish what in your client's mind was a willful violation? Well, not only did I believe that we had done so, but the district court judge found that there were sufficient material facts to deny summary judgment on that very issue. And so at that point, the district court judge referred the matter to the bankruptcy court for a full trial on the question. And so if damages for a violation of the discharge injunction and the stay include attorneys' fees as an element of damages, which they do, then we are entitled to a automatic stay. What would a trial show that your affidavit evidence did not? Well, I wondered that myself when the district court judge denied the motion for summary judgment. Just instead of the editorial, give us a list. The only thing — Let me finish my question. Certainly. What facts would a full-blown trial on the merits have shown, bearing on the issue of willful violation, that you hadn't laid before the district court to that point? I believe I laid every fact before the district court that I could have. You're down to about four and a half minutes. Did you want to save any for rebuttal? I'd like to save two minutes. Okay. I believed that at the time we brought the summary judgment motion, we had a complete record to succeed on summary judgment. For reasons that I don't understand, did not then and do not today, the district court found a trial was necessary. If a trial was necessary at that point in the district court's mind, then a trial was necessary before the bankruptcy court on reference at the time the fee petition was heard as well. Well, you know, that presumes that the district court was right on that. I mean, now, as to whether a trial should or should not have taken place, isn't the issue we're looking at as to whether the finding of no willful violation raises some issue of fact that needs to be decided or whether the judge can find that on this record? Well, when I brought the summary judgment motion, Your Honor, I candidly thought the court could find it on the record. Okay. But we did not argue the fee petition from the perspective of needing to find a violation of the stay or finding a violation of the discharge injunction. If we can uphold on any ground that's present in the record, why should we get hung up on whether or not there should have been a trial since that's not really an issue we have to decide? Because now what you have are two competing findings by the district court, one in which there's a finding that there is a material fact to question and one in which the district court, in fact, makes findings of fact in the context of an argument where those facts were not argued, were not presented, and were not squarely before the court. Because what we thought we were arguing on the fee petition was a matter of reasonable fees, not entitlement to fees. That's how we got here. Obviously, the language in the settlement agreement, if we could write it over again, would have been written differently, but we're not at that point. And unless the Court has further questions, I'll reserve the remainder for rebuttal. Thank you for your argument, counsel. Thank you. Your Honors, may it please the Court. I'm Jonathan Hayden from Heller, Ehrman, White & McAuliffe, and I represent the appellee. I think both parties agree that this is a case about contract interpretation, pure and simple. We had the last brief. I don't have much to add on that subject. The words simply provide for the opportunity to make the application for fees and for my client to oppose it, and that's what happened. And the Court, you know, correctly interpreted that agreement to not contain an entitlement to fees. That would have been a different agreement. How do you square the district court's conclusion initially that there were material facts that warranted a factual determination, and then to conclude that an evidence you're hearing in a trial on the merits was not necessary to make the finding of no willful violation? Well, the summary judgment motion was not brought by my client and didn't present the question of whether or not. Well, we understand that. Right. Any time someone brings a motion for summary judgment, they're telling the Court that there are no material questions of fact and that they're entitled to judgment as a matter of law, and it's not wholly unusual for a party to bring a motion for summary judgment and have the Court grant summary judgment against them. The rule specifically provides for that. So, again, how do you square one with the other? They're a little bit at odds, aren't they? They are to some extent, Your Honor, but I think in the context of this appeal, that's not really a material issue that this Court needs to deal with or grapple with because in the motion for attorney's fees, the plaintiff did not argue that his right to the fees were based upon a determination of whether there had been a contempt or a violation of the stay. I think we heard that same position just advocated by my opposing counsel, so that from the perspective of the trial judge, the question which was presented in the opening brief, there was an – in the opening brief on the motion for attorney's fees, there was an assumption of a right to the fees under the Bankruptcy Code. Our opposition said, no, you have no right under the Bankruptcy Code because we're not litigating these issues of contempt or violation of the stay. You don't get there. You really need to find your right in the contract. And that's – and the reply brief, again, focused on the contract. The question of whether we were going to have a trial or any kind of adjudicatory process in the court below on the questions of contempt was never really raised and advocated by the parties below. Well, even if it wasn't raised, the statute under which they would be entitled to fees permits fees if there's an intentional violation of the automatic stay, correct? Yes, Your Honor. So in the scheme of attorney's fees statutes, do you think it's contemplated that that determination of whether there's an intentional violation is one left to the judge or to a jury if there is a factual dispute? Or not a jury, but to a factual determination. In a case where there hasn't already been a release of the underlying claim at issue, that – for, I believe, under the automatic stay provision, the attorney's fees are really, in my view, part of the damages. And that would have to be litigated at – that would have to be litigated and there would have to be a determination by a jury. But in essence, in this case, Your Honor, what I think happened is I believe Let's stop right there. All right. So if you don't view the attorney's fees determination as being in the province of the judge as a matter of law, and if the judge here makes that determination as a matter of law, why isn't that, in fact, a legal error? Because under the settlement agreement, if the court looks at the release, they release their claim for damages and attorney's fees for a violation of the state. They – they appeared to think they had Were they petitioning for thin air? I mean, then it doesn't make any sense. You do have to construe the contract. It might have to be construed against the drafter, but it has to have some meaning. So what would they be petitioning for if they couldn't get any fees either under the statute or by contract? There may well be contracts where the – a settlement agreement where the plaintiff is fully compensated, as he was in this case, and the – and as part of that waives the right to attorney's fees. Now, Mr. Goldster or That's true, but here it might not have been the most straightforward request, but there certainly wasn't a waiver, you would agree, of attorney's fees. There was – excuse me. There was no waiver. There was no waiver of the right to ask. And there was no waiver of attorney's fees anywhere in that agreement. Isn't that correct? I believe in the release, Your Honor, you will see that there is a Well, why on earth would you, on behalf of your client, agree to a settlement agreement where your position was that they had waived fees? Well, perhaps the client's been fully compensated. So you're saying that the language is in the release? Yes. And what language do you point to and where in the record? Thank you. In the release at ER 18, the Metcalfs expressly release, it's at the third line of paragraph 2.4, forever discharge beneficial for many and all claims, demands, debts, penalties, obligations, liabilities, lawsuits, cost, expenses, attorney's fees, causes of action, judgments and executions, et cetera, et cetera. That's the release language, Your Honor. And then we have to take that release language and juxtapose it with you may petition for attorney's fees. Is that correct? Yes. That's right. So in your view, how do you interpret a contract that has those two potentially contradictory phrases in it? With all due respect, I think they can be reconciled. My client's position This is sort of the Hotel California of attorney's fees positions, right? You can check out any time you want, but you can never leave. This is a situation where my client did, under this agreement, did not believe, and I submit that the plaintiff had no right to attorney's fees. When a case like this is set up Had a right to petition under 2.3, but no right to get any. Absolutely. We reserved all our rights to oppose fees. This is not a classic attorney's fees provision. You can petition according to the contract, but then once you petition, you pull out the release clause and say, sorry, you did release all your claims. So your petition is basically a nullity and as a matter of law, no fees. If that were the case, I guess the district court would not have needed to even go through this charade about whether there was a willful violation, right? That's right. So you're saying an alternate legal ground for affirming is simply to look at the language of the release. Yes, Your Honor. Okay. Thank you. Thank you for your argument. Rebuttal. Things are never as simple as they seem. Never, never. The release language, if Metcalf was precluded from bringing any further claim for violation of the stay or the discharge injunction, Metcalf could never have gotten to prong two of my suggestion. That is, a trial on the merits for the remaining portion of his damages because he released them. And if that interpretation of the settlement agreement is not possible because of the release language, that leaves you only one choice, and that is to interpret the May petition language not as the right to petition, but as an entitlement. Who drafted this agreement? Well, I don't want to put the entire onus on my friend Mr. Hayden. It went back and forth, but he did do most of the laboring work on it. But it went back and forth? There was some back and forth. So would you agree that it's a situation where language isn't construed against one party or the other? I'd like to argue that, but I don't think that would be fair. All right. Thank you for your gander. Thank you. Thank both counsel for their arguments. The case just argued will be submitted for decision, and we'll proceed to the next case on the calendar, which is Stinson v. Perkis. Thank you.
judges: Hawkins, McKeown, Clifton